IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DRAFT NOT FOR PUBLICATION

| | |
|---|---|
| DR. JOSEPH PIACENTILE,<br><br>                    Plaintiff,<br><br>          v.<br><br>GREG THORPE, BLAIR HAMRICK,<br>THOMAS GERAHTY, MATTHEW BURKE,<br><br>                    Defendants. | Civil Action No.<br><br>2:12-cv-7156-ES-SCM<br><br>**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>**[D.E. 5]** |

## I.    INTRODUCTION

Pending before the Court is Defendant Greg Thorpe's motion to strike [D.E. 5] portions of the complaint that reference the formation of a confidential settlement agreement between the parties and Defendants' alleged breach thereof.  Plaintiff Dr. Joseph Piacentile opposes the motion.  The Court has considered the parties' submissions pursuant to Federal Rule of Civil Procedure 78(b), and for the reasons set forth below denies Defendant's motion to strike.

## II.   BACKGROUND

This is a breach of contract action arising out of an agreement between Plaintiff Joseph Piacentile ("Plaintiff") and defendants Greg Thorpe, Blair Hamrick, Thomas Gerahty, and Matthew Burke (collectively "Defendants").  On October 18, 2000, Plaintiff filed a *qui tam* complaint under seal in the Eastern

1

District of Pennsylvania against Glaxo Wellcome, Inc., and

Smithlkline Beecham Corporation, predecessors to GlaxoSmithKline

plc ("GSK"), alleging that GSK and other defendants engaged in

certain improper conduct.  (*See* D.E. 1, Exhibit A to Notice of

Removal, at *5, ¶14).  Sometime thereafter, Defendants Thorpe,

Hamrick, Gerahty, and Burke also filed *qui tam* complaints under

seal against GSK with similar allegations.  (*Id.* at *6-7).[1]

In November 2006, counsel for Plaintiff and counsel for

Defendants discussed the case and the possibility of an

arrangement amongst the parties whereby Defendants would share a

portion of any recovery in exchange for Plaintiff dismissing his

action and thereby relinquishing his first-to-file status under

the False Claims Act ("FCA) 31 U.S.C. §3730.[2]  (*Id.* at *7, ¶28).

An agreement was eventually reached where Defendants agreed to

terms regarding a fixed share of the overall potential recovery

in consideration for Plaintiff agreeing to dismiss his action

---

[1] The False Claims Act ("FCA"), 31 U.S.C. §§ 3729 – 3733, authorizes a private party to initiate a civil action alleging fraud on the Government.  31 U.S.C. § 3730(b).  A private enforcement action brought pursuant to the FCA is called a qui tam action, with the private party referred to as the "relator." *Vermont Agency of Natural Resources v. United States, ex rel. Stevens*, 529 U.S. 765, 769 (2000).

[2] The FCA imposes a "first-to-file" rule with regard to whistleblower actions where, upon the filing of a qui tam complaint, courts are required to dismiss all subsequently filed complaints that are based on the same material or essential elements of fraud as the first-filed action. 31 U.S.C. §3730(b)(5).

and forego his first-to-file status (the "Settlement

Agreement"). (*Id.* at *8, ¶34).  The Settlement Agreement was

signed by all parties and finalized on August 10, 2007, and

Plaintiff accordingly dismissed his first-filed complaint with

prejudice on August 20, 2007.  (*Id.* at *9, ¶¶39-40).

The Government continued to investigate GSK for the

allegations made in the parties' *qui tam* complaints, and on July

2, 2012, the United States Department of Justice announced a

settlement in the amount of $3 billion.  (*Id.* at *11, ¶¶45-46).

The government settlement resolved GSK's civil and criminal

liability with respect to the allegations made by the parties

and other relators who filed *qui tam* complaints against GSK.

(*Id).*  Plaintiff alleges that the relators' share of the

government settlement that was allocated to Defendants was

$148,793,782.70, and that, pursuant to the parties' Settlement

Agreement, Defendants were required to pay Plaintiff

$3,347,860.10, 2.25% of the cumulative gross relators' share.

(*Id.* at *11, ¶47).  Plaintiff alleges that Defendants did not

pay him his share as agreed, and therefore breached the terms of

the 2007 Settlement Agreement.  (*Id.* at *11-14).

Plaintiff subsequently filed the instant action against

Defendants in New Jersey Superior Court, Bergen County Law

Division, on October 12, 2012, and moved to seal the entire case

on the grounds that the action pertained to the alleged breach

of a confidential settlement agreement. (*See* D.E. 1, Notice of Removal). The state court sealed the case and issued an order to show cause why the litigation should continue to be sealed in its entirety. (*See* D.E. 14, Plaintiff's Brief in Opposition to Motion to Unseal, at \*5). Prior to the state court hearing on the order to show cause, Defendant Greg Thorpe ("Defendant") removed the action to federal court on November 15, 2012, and contemporaneously moved before this Court to seal the litigation so as not to disturb the state court's prior order. (D.E. 2). Shortly thereafter, Defendant filed the instant motion to strike paragraphs in Plaintiff's complaint that relate to the formation of the 2007 Settlement Agreement and the Defendants' alleged breach thereof. (D.E. 5)

## III. <u>DISCUSSION</u>

Defendant moves to strike portions of the complaint that allegedly refer to confidential settlement communications. Specifically, Defendant argues that certain paragraphs in the complaint regarding the substance of settlement discussions are "squarely inadmissible" under Federal Rule of Evidence 408, and therefore should be stricken as immaterial. Plaintiff opposes the motion, arguing, *inter alia*, that the prohibitions of Rule 408 are inapplicable to the instant matter.

Defendant's motion to strike is directed at the following paragraphs in Plaintiff's complaint: paragraphs 28-30, wherein Plaintiff alleges discussions in November 2006 between counsel for Plaintiff and counsel for the three other Relators (counsel "discussed the case and a potential co-relator arrangement […] and came to an understanding that the parties had an oral agreement to exchange their respective complaints, still under seal.  [Plaintiff's] counsel made it clear that if a co-relator arrangement were not reached between the parties, [Plaintiff] would pursue his rights under the first-to-file rule."; paragraph 33, wherein Plaintiff alleges substantive discussions between the parties as they continued to try to reach a settlement agreement in June 2007; and paragraphs 44 and 50-52, wherein Plaintiff allegedly pleads communications, both oral and written, between counsel for parties in October 2012 to discuss the applicability of the terms of the settlement agreement. (*See* D.E. 5-1, Brief in Support of Defendant's Motion to Strike, at *5).  Defendant argues that the aforementioned paragraphs serve no proper purpose, are immaterial to the claims in the case, and are potentially prejudicial.  *Id.* at *8.  Defendant further asserts that the settlement communications at issue are included in Plaintiff's complaint as proof of liability, and therefore are not admissible under Rule 408.  (*See* D.E. 17, Defendant's Brief in Reply, at *6-7).  Accordingly, Defendant

contends that the paragraphs in Plaintiff's complaint that are the subject of the instant motion must be stricken pursuant to Federal Rule of Civil Procedure 12(f). *Id.*

Plaintiff opposes Defendant's motion to strike, arguing that the allegations at issue do not involve communications or conduct contemplated by Rule 408. Plaintiff notes that, while the allegations at issue do pertain to settlement communications, they are wholly unrelated to any compromise negotiations regarding Plaintiff's claim in the instant action. (*See* D.E. 15, Plaintiff Brief in Opposition to Defendant's Motion to Strike, at *10). Plaintiff also argues that Defendant has failed to show that the allegations at issue are immaterial, and that, even if the allegations are considered settlement negotiations under Rule 408, they are offered for an admissible purpose. (*Id.* at *16-18).

Pursuant to Federal Rule of Civil Procedure 12(f), a party may make a motion to strike any "redundant, immaterial, impertinent, or scandalous matter" from any pleading. Fed. R. Civ. P. 12(f). In reviewing such a motion, the Court may exercise "considerable discretion." *Malibu Media, LLC v. Lee*, 2013 U.S. Dist. LEXIS 72218, at *16 (D.N.J. May 22, 2013) (quoting *Tonka Corp. v. Rose Art Industries, Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)). Motions to strike are "not favored and usually will be denied unless the allegations have no possible

relation to the controversy and may cause prejudice to one of the parties." *Tonka*, 836 F. Supp. at 217 (quoting *River Road Devel. Corp. v. Carlson Corp.*, No. 89-7037, 1990 U.S. Dist. LEXIS 6201, at *3 (E.D. Pa. May 23, 1990)); *see also J&A Realty v. Asbury Park*, 762 F. Supp. 85, 87 (D.N.J. 1991). "[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplus will prejudice the adverse party," as a motion to strike is often sought by the movant as a dilatory tactic. *F.T.C. v. Hope Now Modifications, LLC*, 2011 U.S. Dist. LEXIS 24657, at *1 (D.N.J. Mar. 10, 2011) (quoting *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)); *Symbol Techs., Inc. v. Aruba Networks*, Inc., 609 F.Supp. 2d 353, 359 (D. Del. 2009) (quotations omitted).

Statements and allegations in a pleading may also be stricken pursuant to Federal Rule of Evidence 408. *See Agnew v. Aydin Corp.*, 1988 U.S. Dist. LEXIS 9911, at *7-12 (E.D. Pa. Sept. 6, 1988) (striking portions of plaintiff's complaint that described communications made during compromise negotiations that plaintiff sought to include in complaint for the purpose of showing liability). Rule 408 of the Federal Rules of Evidence reads as follows:

> (a) Prohibited Uses. Evidence of the
> following is not admissible--on behalf of
> any party--either to prove or disprove the

validity or amount of a disputed claim or to
impeach by a prior inconsistent statement or
a contradiction:
    (1) furnishing, promising, or offering--
or accepting, promising to accept, or
offering to accept--a valuable consideration
in compromising or attempting to compromise
the claim; and
    (2) conduct or a statement made during
compromise negotiations about the claim--
except when offered in a criminal case and
when the negotiations related to a claim by
a public office in the exercise of its
regulatory, investigative, or enforcement
authority.

(b) Exceptions. The court may admit this
evidence for another purpose, such as
proving a witness's bias or prejudice,
negating a contention of undue delay, or
proving an effort to obstruct a criminal
investigation or prosecution.

The purpose of Rule 408 is to encourage settlement, as it is

generally believed that settlement negotiations will be

inhibited if the parties are aware that their statements may

later be used as admissions of liability. *Staunton v.*

*Tarantino*, 637 F.Supp. 1051, 1081 (E.D. Pa. 1986); *see also* Fed.

R. Evid. 408 Advisory Committee Note. Accordingly, courts have

often found that references to conduct or statements made in

compromise negotiations are inadmissible when offered to

establish liability. *Affiliated Manu., Inc. v. Aluminum Co. of*

*Amer.*, 56 F.3d 521, 526.

It should be noted, however, that Rule 408 is inapplicable

when compromise evidence is offered for a purpose other than to

prove the validity, invalidity, or amount of a disputed claim.

Fed. R. Evid. 408 Advisory Committee Notes to 2006 Amendments

(citing *Athey v. Farmers Ins. Exchange*, 234 F.3d 357 (8th Cir.

2000)).  Therefore, "Rule 408 does not bar evidence of a

settlement when offered to prove a breach of the settlement

agreement, as the purpose of the evidence is to prove the fact

of settlement as opposed to the validity or amount of the

underlying claim."  *Id.* (citing *Cates v. Morgan Portable Bldg.*

*Corp.*, 780 F.2d 683 (7th Cir. 1985); *see also Herman v. City of*

*Allentown*, 1998 U.S. Dist. 211, at *3 (E.D. Pa. Jan. 15, 1998)

("As we have already discussed in our prior Decision, FRE 408

does not bar the admission of the settlement agreements in this

case, when Plaintiff's cause of action stems from the

Defendant's breach of the settlement agreements and not from the

claim that the agreements were trying to settle.").

Other courts in this Circuit have considered the

admissibility of settlement agreements under Rule 408 in similar

circumstances.  In *Gator Fla. Inc. v. Uniformity, LLC*, the

district court considered the admissibility of a settlement

agreement where the plaintiff brought an action against

defendant for breaching said settlement agreement.  2011 U.S.

Dist. LEXIS 5479, at *1-3 (D.N.J. May 22, 2011).  In response to

plaintiff's motion for summary judgment, defendant's chief

argument was that the settlement agreement was inadmissible

evidence under Federal Rule of Evidence 408.  *Id.* at *3.  The

Hon. William J. Martini, U.S.D.J., concluded that the settlement

agreement was admissible for the purpose of plaintiff's claim

against defendant for breach thereof, and found that Rule 408

"does not prevent introduction of a settlement agreement in an

action to enforce that agreement."  *Id.* at *4 (citing *Cates v.*

*Morgan Portable Bldg. Corp.*, 780 F.2d 683 ("Obviously a

settlement agreement is admissible to prove the parties'

undertakings in the agreement, should it be argued that a party

broke the agreement.")).

Similarly, while addressing a defendant's motion to exclude

a settlement agreement that formed the basis of the plaintiff's

breach of contract claim, the court in *Phillips v. Potter* noted

that Rule 408 "does not require the exclusion of evidence

regarding the settlement of a claim different from the one

litigated."  2009 U.S. Dist. LEXIS 73601, at *13 (W.D. Pa. Aug.

19, 2009) (quoting *Towerridge, Inc. v. T.A.O.*, Inc., 111 F.3d

758, 770 (10th Cir. 1997).  The *Phillips* court recognized that

the terms of the settlement agreement formed the foundation of

the plaintiff's breach of contract claim, and accordingly found

that "[a]t a minimum, the […] provision of the agreement that

Plaintiff contends was breached, and any other specific portion

of the contract claimed to be breached, shall be admissible."

*Id.*  Furthermore, the court noted that to "the extent to which

the parties may refer to other facts surrounding the settlement […], a skeleton of facts will be sufficient to serve the interests of both Plaintiff and Defendant." *Id.* In comparison, the court in *St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.*, granted that plaintiff's motion to strike confidential settlement discussion references in the defendant's brief in opposition to summary judgment, as the settlement discussions at issue related to insurance coverage disputes that formed the basis of that case. 2007 U.S. Dist. LEXIS 64648, at *54-56 (D.N.J. Aug. 31, 2007). In doing so, the *St. Paul* court rejected the defendant's argument that the situation in that case was analogous to other cases where the reason for introducing evidence of settlement negotiations was appropriate, such as to prove a "breach of a settlement agreement." *Id.* at *55.

The Court has reviewed the submissions of the parties as well as the paragraphs at issue in Plaintiff's complaint, and has concluded that said paragraphs do not fall within the ambit of Rule 408. Rule 408 prohibits the use of settlement communications when offered as evidence of the validity, invalidity, or amount of the "disputed claim," which in this matter would be the alleged breach of the 2007 Settlement

Agreement.[3]  Fed. R. Evid. 408 Advisory Committee Notes to 2006

Amendments.  Simply put, none of the allegations that Defendant

seeks to strike from Plaintiff's complaint involve compromise

negotiations related to Plaintiff's claim against Defendants for

breach of the 2007 Settlement Agreement.  Instead, Defendant

seeks to strike allegations related to the formation of the 2007

Settlement Agreement, and the events that allegedly gave rise to

Plaintiff's cause of action for breach of contract against

Defendants.

---

[3] Courts across the country are split on the issue of whether
Federal Rule of Evidence 408 prohibits the introduction of
evidence of settlement negotiations *only* where offered to prove
the liability for, invalidity of, or amount of the same case or
claim being settled.  *Compare Zurich Am. Ins. Co. v. Watts
Indus., Inc.,* 417 F.3d 682, 689 (7th Cir.2005) (finding that
"courts must consider the spirit and purpose of [FRE 408] and
decide whether the need for the settlement evidence outweighs
the potentially chilling effect on future settlement
negotiations" and that this "balance is especially likely to tip
in favor of admitting evidence when the settlement
communications at issue arise out of a dispute distinct from the
one for which the evidence is being offered"), *with Williams v.
Fermenta Animal Health Co.,* 984 F.2d 261, 264 (8th Cir.1993)
(citing FRE 408 to affirm the district court's decision to
exclude evidence of settlement by defendant with a different
plaintiff in a prior lawsuit as evidence of liability).  Courts
in the Third Circuit have found that Fed. R. Evid. 408 may
necessitate the prohibition of evidence of settlement
discussions offered to prove the liability for, invalidity of,
or amount of cases or claims related to those cases or claims
under negotiation, but the factual circumstances of such cases
were substantially different from the matter at bar and did not
involve claims arising from the breach of a confidential
settlement agreement.  *See, e.g., Ciolli v. Iravani,* 625
F.Supp.2d 276 (E.D. Pa. 2009).

The Court acknowledges that Defendant has cited a number of cases in support of his motion, but none of those cases is analogous to the instant matter. *See, e.g., US ex rel. Alsaker v. CentraCare Health System*, 2002 WL 1285089 (D. Minn. June 5, 2002) (striking compromise negotiations related to settling the disputed claims in the litigation); *Collier v. Boymelgreen Developers*, 2008 WL 835706 (E.D.N.Y. March 28, 2008) (same). The Court also finds that Defendant's interpretation of the Fed. R. Evid. 408 Advisory Committee's Note (2006) is confused and incorrect. For instance, while Defendant correctly notes that "[t]he intent of Rule 408 is to prevent the admissibility of evidence that would allow a jury to infer liability from evidence of compromising positions made by parties during settlement discussions," Rule 408 is inapplicable in this matter since the allegations at issue do not pertain to compromise negotiations related to Plaintiff's claims *in this action*. (*See* D.E. 17, Defendant's Reply Brief in Support of Motion to Strike, at \*6).

Additionally, the Court finds that applying Rule 408 as Defendant requests would be contrary to the rationale behind the Rule, that is, the "obvious public policy interest in encouraging settlement of private disputes." *Lo Bosco v. Kure Engineering, Ltd.*, 891 F.Supp. 1035, 1037-38 (D.N.J. 1995) (refusing to admit compromise negotiations from plaintiff's

13

unrelated divorce proceeding because doing so would run counter to policy behind Rule 408 encouraging settlement).  As the court in *Herman v. City of Allentown* noted, "[b]arring evidence of the terms of a settlement agreement in a trial involving the breach of that settlement agreement would make the enforcement of settlement agreements nearly impossible."  1998 U.S. Dist. LEXIS 211, at *11-12.  "Such a policy would surely dissuade parties from even entering into settlement agreements," as there would be no incentive for "a party [to] enter into a settlement agreement when the other side can breach the agreement with impunity since the terms of the settlement cannot be admitted in the suit involving the breach[.]"  *Id.*

Lastly, because Rule 408 is inapplicable to the allegations at issue, the Court will refrain from addressing Defendant's argument that the subject allegations should be stricken as immaterial pursuant to Fed. R. Civ. P. 12(f) "[b]ecause [t]hey are [e]ncompassed by Fed. R. Evid. 408."  (*See* D.E. 5, Defendant's Brief in Support of Motion to Strike, at *7).  For the foregoing reasons, the Defendant's motion to strike [D.E. 5] is denied.


IV.  **CONCLUSION**

For the foregoing reasons, and good cause shown,

IT IS on this 24th day of June, 2013

14

**ORDERED** that Defendant's motion to strike [D.E. 5] is hereby denied.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/24/2013 4:43:22 PM