```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

FOR PUBLICATION

| | |
|---|---|
| DR. JOSEPH PIACENTILE, | Civil Action No. |
| Plaintiff, | 12-CV-7156-ES-SCM |
| v. | **REPORT AND RECOMMENDATION** |
| | **ON MOTION FOR REMAND** |
| GREGORY THORPE, BLAIR HAMRICK, THOMAS GERAHTY, AND MATTHEW BURKE, | **[D.E. 11]** |
| Defendants. | |

STEVEN C. MANNION, United States Magistrate Judge.

## I. INTRODUCTION

This matter comes before the Court on the motion of plaintiff Joseph Piacentile to remand this action to the Superior Court of New Jersey, Law Division pursuant to 28 U.S.C. §§ 1331 and 1441(a). (D.E. 11). Defendant Greg Thorpe opposes remand. (D.E. 19). He argues that this Court has subject matter jurisdiction on both diversity and federal question.

Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Esther Salas, United States District Judge, has referred these motions to the undersigned for report and recommendation. The Court held oral argument on this matter on August 12, 2013. For the reasons set forth herein, the undersigned recommends granting the motion to remand.

## II. BACKGROUND

This is a breach of contract action brought by plaintiff, Dr. Joseph Piacentile ("Plaintiff") on October 12, 2012.[1] (D.E. 1-1, Complaint). Plaintiff originally filed suit under seal in the Superior Court of New Jersey, Law Division, Bergen County against defendants Greg Thorpe, Blair Hamrick, Thomas Gerahty, and Matthew Burke. (*Id.* at *3). The Complaint alleged, *inter alia*, that Plaintiff and defendant Burke are both residents of New Jersey, and that the four defendants allegedly failed to honor an agreement to share in the recovery from *qui tam* suits filed under the False Claims Act, 31 U.S.C. § 3729, et seq. (*See id.* at *7-10). Plaintiff's Complaint alleges that he suffered damages in the amount of $3,347,860.10 or more from defendants' respective breaches. (*Id.* at ¶ 47).

On or about October 30, 2012, defendant Thorpe ("Defendant") received a copy of the Summons and Complaint at his residence in Mountain Home, Arkansas. (D.E. 1, Notice of Removal at ¶ 2). Plaintiff then filed a notice of voluntary dismissal of his claims against defendants Hamrick, Gerahty, and Burke on November 8, 2012, without prejudice in the Superior Court of New Jersey. (D.E. 11-1, Ex. A. to Plaintiff's Motion

---

[1] A more detailed discussion of the underlying events surrounding this matter may be found in the Court's June 25, 2013 Opinion. (D.E. 24).

to Remand, at 32).  The Notice was signed by counsel for plaintiff. (*Id.*)

Noting that Plaintiff had "settled with [the three other] defendants and […] dismissed his claims against them," Defendant filed a notice of removal with this Court on November 15, 2012, based upon diversity jurisdiction.  (D.E. 1, Notice of Removal at ¶ 1).  His filing included the notice of removal, a copy of the complaint, defendant Thorpe's declaration, and a civil cover sheet.  (*See id*.).  Plaintiff responded in this Court on December 11, 2012, by moving for remand.  (D.E. 11).  Shortly thereafter, Defendant opposed the motion to remand and argued Federal question jurisdiction for the first time.  (D.E. 19, D. Br. at *12).

**III. DISCUSSION**

Prior to addressing the motion to remand, the parties should note that the caption in this matter was framed by the complaint removed to this Court.  (*See* D.E. 1-1, Compl. at *3). A caption may be changed by the Court upon motion by either party, but until then the caption cannot be changed without leave of the Court.  The parties have modified the caption without leave of Court and will hereafter use the appropriate caption in these proceedings.

**A. Remand**

State court defendants enjoy a statutory right to remove certain civil actions to federal court. 28 U.S.C. § 1441 (sets forth the right to removal); 28 U.S.C. § 1446 (sets forth the procedure for effectuating removal from state court to federal court). Plaintiffs and other parties enjoy a corollary statutory right to move for remand to state court. 28 U.S.C. § 1447. If the predicate of a motion to remand is a defect in a defendant's execution of the removal procedure, the moving party must file said motion within thirty days of the defendant's filing of the notice of removal. 28 U.S.C. § 1447(c). The same statute that sets forth this temporal limitation also makes clear that a party cannot waive the right to seek remand on the grounds that there is no federal subject matter jurisdiction.

Indeed, this Court has "a continuing obligation to monitor jurisdiction," and can order remand *sua sponte* upon finding that neither federal question nor diversity of citizenship jurisdiction exist in a removed action. *See Steel Valley Authority v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), *cert. dismissed sub nom American Standard, Inc. v. Steel Valley Authority*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.E.2d 756 (1988); *see also Mitchell v. Village Super Market, Inc.*, 926 F.Supp. 476 (D.N.J. 1996).

**B. Removal**

Pursuant to § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States[.]" 28 U.S.C. § 1441(a); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Stated differently, a defendant can remove an action to federal court pursuant to § 1441(a) if the plaintiff could have brought it here in the first instance. Thus, actions that could have been brought in federal court on diversity of citizenship grounds (pursuant to 28 U.S.C. § 1332) and those that raise federal questions (pursuant to 28 U.S.C. § 1331) are "removable." *Id*.

After a defendant effectuates the notice provisions set forth in 28 U.S.C. § 1446, the federal district court acquires full and exclusive subject matter jurisdiction over the litigation. 28 U.S.C. § 1446(d). On a motion to remand, this Court considers its own authority to hear a case consistent with the restrictions set forth in 28 U.S.C. § 1441(a). *Railway Labor Executive Ass'n. v. Pittsburgh & Lake Erie R.R. Co.*, 858 F.2d 936, 940-41 (3d Cir. 1988).

Removal statutes are strictly construed against removal, and all doubts should be resolved in favor of remand. *Abels v.*

*State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *Entrekin v. Fisher Scientific Inc.*, 146 F. Supp. 2d 594, 604 (D.N.J. 2001); *Ferraro v. Bell Atlantic Co.*, 955 F.Supp. 354, 356 (D.N.J. 1997) (Fisher, J.) (citing *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1267 (3d Cir. 1994)). The removing defendant, as the party seeking to preserve federal jurisdiction, carries the burden of establishing that removal was proper. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Boyer v. Snap-On Tools Co.*, 913 F.2d 108, 111 (3d Cir. 1992). Stated otherwise, the party seeking to remove bears the burden of proving that it has met the requirements for removal. *Group Hospitalization & Med. Servs. v. Merck-Medco Managed Care, LLP*, 295 F.Supp.2d 457, 461-462 (D.N.J. 2003).

**C. Procedural Deficiencies**

To effectuate removal, a defendant "shall file" a "notice of removal […] containing a short plain statement of the grounds for removal […] together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal must be filed within thirty days of receipt, through service or otherwise, of a copy of the pleading, motion, order, or other paper from which the defendant could first ascertain that the

case has become subject to federal subject matter jurisdiction. 28 U.S.C. § 1446(b).

Here, Defendant Thorpe received a summons with the complaint, but failed to include the summons and notice of dismissal with his notice of removal as required by 28 U.S.C. § 1446(a). (*See* D.E. 1, Notice of Removal). We need not decide whether those defects would provide a basis for remand or if such defects could be cured, however, because the procedural defects were not raised by Plaintiff's motion to remand and are therefore waived.[2] *See Korea Exchange v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir. 1995) (a defect in the removal procedure is waived if not raised within 30 days by remand motion). This thirty-day time limit applies to remand motions as well as *sua sponte* orders for remand. *Id.* (citing 28 U.S.C. § 1447(c)).

**D. Federal Question Jurisdiction**

Defendant asserts for the first time in his opposition to remand that this Court has Federal question jurisdiction. (D.E. 19, D.Br. at *12). Defendant has acknowledged not raising this issue in his notice of removal. (*Id.*). In addition, at oral argument defense counsel admitted that their primary argument

---

[2] In his supporting papers, Plaintiff does not contest that Defendant satisfied the procedural requirements for removal. *See* 28 U.S.C. § 1332(d)(2).

-7-

for jurisdiction is diversity, not Federal question.  The Court need not consider the merits of the Federal question argument, however, because the argument was waived when it was not raised within the thirty-day window.  *See, e.g., Akins v. Radiator Specialty Co.*, 2006 U.S. Dist. LEXIS 71076, *4-5 (W.D. Pa. 2006) (citing *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205-206 n. 11 (3d Cir. 2003)); *ARCO Envtl. Remediation, L.L.C. v. Department of Health and Envtl Quality of the State of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.'") (quoting *O'Halloran v. University of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988)); 16-107 Moore's Federal Practice - Civil § 107.30 ("A notice of removal may be freely amended within the 30-day period in which the notice must be filed.  Further amendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction.").  Accordingly, the instant motion to remand hinges upon whether the action was properly removed to federal court on the basis of diversity jurisdiction.

**E. Diversity Jurisdiction**

Diversity jurisdiction applies to cases between "citizens of different States" where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The time-of-filing rule requires diversity of citizenship both when the state action is filed and when the removal petition is filed. *See, e.g., Fiorentino v. Huntingside Associates*, 679 F.Supp. 3, 5 (E.D. Pa. 1987); *Kerstetter v. Ohio Casualty Insurance Co.*, 496 F.Supp. 1305, 1307 (E.D. Pa. 1980); *Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The rationale for the rule is to prevent defendants from manipulating jurisdiction by changing their citizenship after a plaintiff has filed suit. *Gibson v. Bruce*, 108 U.S. 561, 563, 2 S.Ct. 873 (1883).

*a) <u>The Voluntary-Involuntary Rule</u>.*

Exceptions to the time-of-filing rule apply where the plaintiff has either fraudulently joined a resident defendant (i.e., a diversity-destroying defendant) for the purpose of defeating diversity, *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S.Ct. 278 (1914),[3] or has sued a resident defendant and then voluntarily dismissed that defendant from the

---

[3] Defendant does not argue fraudulent joinder and counsel conceded at oral argument that each defendant was properly joined in the state court action.

case.  *Powers v. Chesapeake & Ohio Ry. Co.,* 169 U.S. 92, 101-02, 18 S.Ct. 264 (1898); *Knudsen v. Systems Painters, Inc.*, 634 F.3d 968, 975 – 976 (8th Cir. 2011).  These exceptions balance the plaintiff's right to select a state forum and the defendant's statutory right to remove a case to federal court.  *Id*. at 976 (citation omitted).

*Powers* concerned a case that was not removable when originally filed in state court because complete diversity was lacking.  *Powers,* 169 U.S. 92, 18 S.Ct. 264.  That plaintiff, however, subsequently dismissed the resident defendant, leaving only diverse parties in the case.  *See id*.  The United States Supreme Court allowed removal because of the plaintiff's voluntary act of dismissal.  *See id*.

Two years later, the High Court decided *Whitcomb v. Smithson*, 175 U.S. 635, 658 20 S.C.t 248 (1900), and stated that a directed verdict on the merits favoring a resident defendant did not create removal jurisdiction.[4]  This pronouncement came to be known as the "involuntary rule".

---

[4] The *Whitcomb* statement was *dicta*, but even so, "it is Supreme Court *dicta*, and, as such, requires serious consideration." *See United States v. Mazzarella*, 614 F.3d 85, 91 n.5 (3rd Cir. 2010)(citing *Heleva v. Brooks*, 581 F.3d 187, 188 n.1 (3d Cir. 2009) ("[W]e do not view [Supreme Court] dicta lightly."(alterations in original) (internal quotation marks omitted)); see also *Schwab v. Crosby*, 451 F.3d 1308, 1325 (11th Cir. 2006) ("[T]here is *dicta* and then there is *dicta*, and then there is Supreme Court *dicta*.").  Alternatively, this *dicta* may

The *Powers* exception applies if a dismissal was voluntary. *Insinga v. La Bella*, 845 F.2d 249, 252 (11th Cir. 1988). It does not apply if the dismissal was involuntary, i.e., if the dismissal resulted from either the defendant's or the Court's action against the wishes of the plaintiff. *Insinga*, 845 F.2d at 252. If either the dismissal was initiated by the resident defendant or by a Court's order against the plaintiff's will, then the dismissal is not voluntary. *Whitcomb*, 175 U.S. 635, 658, 20 S.C.t 248.

The purpose of the voluntary-involuntary rule is to protect a plaintiff's right to determine the forum for his action "when it is commenced … [and] throughout the litigation." *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 282, 38 S.Ct. 237, 239-240 (1918); *Vogel v. Merk & Co., Inc.*, 476 F.Supp.2d 996, 1004 (S.D.Ill 2007); *Jenkins v. National Union Fire Ins. Co. of Pa.*, 650 F.Supp. 609, 614 (N.D.Ga. 1986)(same); *Vidmar Buick Co. v. General Motors Corp.*, 624 F.Supp. 704, 706 (N.D. Ill. 1985); *Ford Motor Credit Co. v. Aaron-Lincoln Mercury*, 563 F. Supp. 1108, 1117 (N.D. Ill. 1983). The rule was codified in an amendment to 28 U.S.C. § 1446(b) in 1949. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 (5th Cir. 1967).

---

be considered to bind lower courts because it has not been enfeebled by later statements. *See United States v. Fareed*, 296 F.3d 243, 247 (4th Cir. 2002)(Supreme Court *dicta* can bind lower courts, particularly when not enfeebled by later statements).

Here, Defendant posits that there is no dispute that the dismissal of the other defendants in Superior Court was voluntary. (D.E. 19, D.Br. at *9). He is correct. It is uncontested that the dismissal was filed in the Superior Court by Plaintiff's counsel after a partial settlement was reached with three of the four named defendants.[5] That, however, does not end the inquiry.

The Court notes that the dismissal of the resident defendant in this action was voluntary and without prejudice. Defendant contends that Plaintiff has failed to cite any case that distinguishes voluntary dismissals with and without prejudice. (D.E. 19, D.Br. at *10). Conversely, Defendant has also not cited authority in direct support of his contention that a voluntary dismissal without prejudice is equivalent to a dismissal with prejudice for the purposes of removal jurisdiction. Accordingly, we have an issue of first impression that requires looking to the underlying reasons for the rule.

The rule allowing removal following the voluntary dismissal of a diversity-destroying defendant "is premised upon the assumption that voluntary actions of the plaintiff which remove a party from a case are final" and therefore not subject to

---

[5] The settlement agreement has been referenced in both the Notice of Removal and in Plaintiff's brief in support of remand, but has not been supplied to the Court. The document is nonetheless not necessary to decide this motion for remand.

reversal on appeal. *Vogel*, 476 F.Supp.2d at 1003 (quoting *Burke v. General Motors Corp.*, 492 F.Supp. 506, 508 (N.D.Ala. 1980); and citing *Ennis v. Queen Ins. Co. of Am.*, 364 F.Supp. 964, 966 (W.D.Tenn. 1973) (voluntary dismissal rule is premised on the dismissal not being appealable). The question then is whether a Plaintiff relinquishes his right to keep litigation in state court by agreeing to a voluntary dismissal that is without prejudice.

Other courts have noted that the voluntary act required to create removal jurisdiction must be one that "unequivocally effects an abandonment of any resident defendant." *Schmidt v. Capitol Life Ins. Co.*, 626 F. Supp. 1315, 1318 (N.D. Cal. 1986); *see also Guerrero v. General Motors Corp.*, 392 F.Supp.2d 1133 (N.D. Cal. 2005) (case remanded where diversity destroying defendant had settled but had not yet been dismissed from the case). Here, Plaintiff contends that the voluntary dismissal exception should not apply because the underlying dismissal was not endorsed by the Superior Court, and was not final for purposes of appeal because it was without prejudice.

The fact that the dismissal was not endorsed or approved by the Superior Court is not unusual given the procedural status of the case prior to removal. The complaint had been filed and

-13-

served, but had not been answered by any defendant. New Jersey Court Rule 4:37-1(a), provides, in pertinent part, as follows:

> … an action may be dismissed by the plaintiff without court order by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or by filing a stipulation of dismissal specifying the claim or claims being dismissed, signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice. [*Id.*]

Thus, as argued by Defendant's counsel, the case against the non-resident defendant was dismissed upon submission of the Notice of Voluntary Dismissal and without need of any action by the Superior Court. (D.E. 19, D.Br. at *6-7).

However, the more important question is whether the voluntary act of dismissal without prejudice is one that "unequivocally effects an abandonment of any resident defendant." *Schmidt*, 626 F. Supp. at 1318. Plaintiff argues there was no unequivocal abandonment because the resident defendant can be re-joined in the litigation. Accordingly, Plaintiff asserts that if defendant Thorpe does not or cannot pay the amount in dispute, the dismissed defendants can be reinstated as jointly and severally liable.

-14-

New Jersey courts recognize that dismissals without prejudice adjudicate nothing and do not bar reinstitution of an action. *Malhame v. Borough of Demarest*, 174 N.J. Super. 29 (App. Div. 1980). The voluntary dismissal in this action is without prejudice, and is not final for the purpose of appeal. *Vogel*, 476 F.Supp.2d at 1003 (citations omitted); *see also Insinga*, 845 F.2d at 253 (noting that the issue of finality "may be one concern underlying the voluntary-involuntary rule[…]"). Moreover, as described above, the dismissal in this action clearly contemplates the possibility of reinstating the resident defendant should Plaintiff fail to recover the outstanding amount in controversy from Defendant Thorpe.

After considering all of the above, the Court finds that ignoring the characterization of the dismissal in this action would be contrary to the spirit and purpose of the body of law governing removal. The voluntary-involuntary rule is grounded in the notion that the voluntary dismissal of a diversity-destroying defendant "is premised upon the assumption that voluntary actions of the plaintiff which remove a party from a case are final" and therefore not subject to reversal on appeal. *Vogel*, 476 F.Supp.2d at 1003 (quoting *Burke*, 492 F.Supp. 506, 508). Accordingly, this Court must agree that Plaintiff has not unequivocally abandoned his claims against the resident

defendant, and that the voluntary dismissal without prejudice in this action is therefore not "voluntary" within the meaning of the voluntary-involuntary rule. *See Schmidt*, 626 F. Supp. at 1318.

**F. Costs and Attorney's Fees**

When ordering remand this Court is permitted by 28 U.S.C. § 1447(c) to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Section 1447(c), provides that a remand order "may" require payment of attorney's fees--not that such an order "shall" or "should." "As Chief Justice Rehnquist explained for the Court in *Fogerty* v. *Fantasy, Inc.,* 510 U.S. 517, 533, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994), '[t]he word 'may' clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion.' Congress used the word 'shall' often enough in § 1447(c) --as when it specified that removed cases apparently outside federal jurisdiction 'shall be remanded'--to dissuade us from the conclusion that it meant 'shall' when it used 'may' in authorizing an award of fees." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

Absent unusual circumstances, courts may award attorney fees under 28 U.S.C. § 1447(c) only where the removing party

lacked an objectively reasonable basis for seeking removal; conversely, when an objectively reasonable basis exists, fees should be denied. *Id.* On a close question, although removal turns out to have been incorrect, the Court may decline to award costs and attorneys' fees. *See Patterson v. Exxon Mobil Corp.*, 262 F. Supp. 2d 453, 467 (D.N.J. 2003) (citing *Eyal Lior v. Sit*, 913 F. Supp. 868, 878 (D.N.J. 1996); *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F. Supp. 366, 368 (E.D. Pa. 1995)) ("Such an award of fees, incurred as a result of removal, lies in the discretion of the court, and does not require a showing of bad faith, nor that the removal was fruitless."); *see, e.g., Roxbury Condominium Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 228 (3d Cir. 2003) (reversing award of attorneys' fees under § 1447(c) for remand based on untimely raised procedural defect as well as the district court's rationale based upon "area of unsettled law").

Defendant had an objectively reasonable basis for seeking removal. In light of this, this Court finds that costs and fees should not be awarded to Plaintiff in this matter.

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that the District Court **grant** Plaintiff's motion to remand. Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/29/2013 7:35:06 PM