<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DR. JOSEPH PIACENTILE** | |
| **Plaintiff,** | **Civil Action No. 12-7156 (ES)** |
| **v.** | **OPINION** |
| **GREG THORPE, et al.** | |
| **Defendant.** | |

SALAS, DISTRICT JUDGE

### I.    INTRODUCTION

Pending before this Court is Defendant Greg Thorpe's motion to reopen the matter.  (D.E. No. 30).  Defendant seeks relief pursuant to Federal Rule of Civil Procedure 60(a) or 60(b) based on a clerical error.  (D.E. No. 30-1, Defendant's Motion to Reopen Matter ("Def. Mov. Br.") at 1). The Court resolves Defendant's motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated below, Defendant's motion to reopen the matter is hereby GRANTED.

### II.    BACKGROUND

As the Court writes for the parties, the discussion of the facts and procedural history will be brief.  Plaintiff Dr. Joseph Piacentile filed a complaint under seal in the Superior Court of New Jersey, Law Division, Bergen County on October 12, 2012.  (*See* D.E. No. 1-1).  The presiding state court judge subsequently issued an order sealing the case.  (*See* D.E. No. 2 ¶ 3).  Defendant subsequently removed the case to the United States District Court for the District of New Jersey

1

on November 15, 2012, commencing Civil Action No. 12-7156.  (D.E. No. 1).  To comply with the Superior Court of New Jersey's order to litigate the matter under seal, Defendant also filed a motion to seal the case.  (D.E. No. 2).  By filing a motion to seal the entire case, rather than just the notice of removal, Defendant caused the District Court's electronic filing system ("ECF") to temporarily seal the entire docket.

On December 17, 2012, Plaintiff filed a motion to remand the case to state court, arguing that the matter lacked diversity jurisdiction under 28 U.S.C. § 1332.  (D.E. No. 11).  Defendant opposed.  (D.E. No. 19).  On August 30, 2013, after hearing oral argument on the motion to remand, United States Magistrate Judge Steven C. Mannion issued a Report and Recommendation ("R & R") recommending that this Court remand the case to state court.  (D.E. No. 26, R & R at 18).  Pursuant to New Jersey Local Rule of Civil Procedure 72.1 (c)(2), the parties had fourteen days from receipt of the R & R to file any objections.  (*Id.*).

When Judge Mannion issued the R & R, the case was still under seal.  As such, ECF did not send a notice of electronic filing to the parties indicating that an item was filed on the docket.[1] Because the entire case was sealed, the Clerk of the Court was obligated to serve the parties with any order, opinion, or request issued by the Court.  It appears, however, that the Clerk of the Court did not serve the parties with Judge Mannion's R & R.  (Def. Mov. Br. at 2; D.E. No. 32, Plaintiff's Opposition to the Motion to Reopen Matter ("Pl. Opp. Br.") at 4).  Consequently, neither party was aware that the fourteen day deadline for objections had been triggered, and therefore, they did not file any objections in time.

---

[1] Although ECF did not send a notice of electronic filing to the parties, the sealed docket, including the August 30th R & R, was available for the parties to review by signing onto the ECF website.

2

On September 25, 2013, this Court issued an order adopting Judge Mannion's R & R, noting the absence of objections.  (D.E. No. 27).  Civil Action No. 12-7156 was subsequently terminated, and the case was remanded to state court.  (D.E. No. 28).

Defendant was not aware of the Judge Mannion's R & R until March 4, 2014, when Plaintiff's counsel copied Defendant's counsel on a letter to the state court judge presiding over the remanded case.  (Def. Mov. Br. at 3).  Defendant received an electronic copy of the R & R from Plaintiff's counsel on March 5, 2014.  (*Id.* at 2).  On March 7, 2014, Defendant removed the action to the District Court for the District of New Jersey for the second time, commencing Civil Action No. 14-1459.  (*See* Civil Action No. 14-1459, D.E. No. 1).[2]

On March 14, 2014, Defendant filed the instant motion to reopen Civil Action No. 12-7156.  (D.E. No. 30).  Plaintiff filed an opposition thereafter.  (D.E. No. 32).  The motion is now ripe for adjudication.

### III.    LEGAL STANDARD

Defendant seeks relief pursuant to Federal Rule of Civil Procedure 60(a) or 60(b).  Rule 60(a) allows a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Rule 60(b) allows a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for. . . (1) mistake, inadvertence, surprise, or excusable neglect;. . . or (6) any other reason that justifies."

Although similar, Rules 60(a) and 60(b) serve different purposes. Rule 60(a) is limited to correcting clerical mistakes that "do not really attack the party's fundamental right to the

---

[2] Along with the notice of removal filed in Civil Action No. 14-1459, Defendant filed objections to Judge Mannion's August 30th R & R for Civil Action No. 12-7156.  (*See* Civil Action No. 14-1459, D.E. No. 3).

3

judgment." *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 130 (3d Cir. 2005) (quoting *United States v. Stuart*, 392 F.2d 60, 62 (3d Cir. 1968)). The appropriate test for determining the applicability of Rule 60(a) is "whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake." *Id*. (quoting *In re W. Tex. Mktg.*, 12 F.3d 497, 504-05 (5th Cir. 1994)). The Third Circuit has stated that a defendant's failure to receive notification of a court's order is not a clerical error. *See Oriakhi v. Wood*, 250 F. App'x 480, 481 (3d Cir. 2007).

On the other hand, Rule 60(b) permits a court to relieve a party from a final judgment or order in a limited set of circumstances. *See* Fed. R. Civ. P. 60(b). Parties can invoke Rule 60(b) to correct mistakes that are substantive in nature. *See Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975). Subsection (1) seeks to correct "mistakes, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). The inadvertence can be on the part of the Court, rather than on the part of a party. *See Buggs v. Elgin, Joliet & E. Ry. Co.*, 852 F.2d 318, 322 (7th Cir. 1988) (finding that Rule 60(b)(1) was the proper vehicle to correct the Magistrate Judge's oversight). Subsection (6) functions as the catchall provision allowing relief for "any other reason that justifies." Fed. R. Civ. P. 60(b)(6). Furthermore, subsection (6) provides "extraordinary relief" and motions under the catchall provision may only be granted upon a showing of "exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002).

## IV.    DISCUSSION

The Court must first determine which Rule is applicable. The Clerk of the Court's failure to serve the parties with the August 30th R & R, and thus provide notification, is not a clerical error. See *Oriakhi*, 250 F. App'x at 481. Furthermore, the correction of this error affects the substantive rights of the parties, as it would provide Defendant relief from the final judgment that

4

the case be remanded back to state court. Therefore, the Court finds that Rule 60(a) is not applicable in light of the substantive nature of the relief sought.

As to relief pursuant to Rule 60(b), Defendant argues that the motion to reopen should be granted because the Clerk of the Court's "oversight. . . deprived Defendant Thorpe of the opportunity to file" objections. (Def. Mov. Br. at 6). Defendant further argues that the lack of opportunity to file objections "adversely affected Defendant" in that the Court adopted the R & R because no objections were filed. (*Id*. at 5).

In response, Plaintiff argues that Judge Mannion "rightly determined. . . that there is no diversity jurisdiction in this case" and Defendant's objections to the August 30th R & R provide "no new reason to change the conclusion." (Pl. Opp. Br. at 1, 3). For the purposes of the instant motion, however, the Court declines to reach the ultimate question of whether diversity jurisdiction exists.

Although the parties were deprived of a substantive opportunity to file objections pursuant to Local Rule 72.1(c)(2), this does not rise to the level of "exceptional circumstances" as is required to grant relief under Rule 60(b)(6). The Court agrees with Defendant, however, that relief from the judgment is warranted pursuant to Rule 60(b)(1) due to the Clerk of the Court's "inadvertence." Fed. R. Civ. P. 60(b)(1). Here, the Clerk of the Court failed to provide the parties with the August 30th R & R. Due to this oversight, the parties were unaware that the fourteen day deadline by which they were to file their objections had been triggered. Noting the lack of objections, this Court adopted Judge Mannion's R & R, which remanded the case to state court.

Although Judge Mannion's R & R was available to the parties via ECF, the Clerk of the Court had an obligation to serve the parties with the R & R, and failed to do so. This error played

a role in the Defendant's failure to provide his objections within the fourteen day deadline. As such, the Clerk of the Court's inadvertence warrants relief pursuant to Rule 60(b)(1).

## V.      CONCLUSION

For the reasons set forth above, Defendant's motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b)(1) is hereby GRANTED. An appropriate Order shall accompany this Opinion.

*/s/Esther Salas*
**Esther Salas, U.S.D.J.**