<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. JOSEPH PIACENTILE<br><br>Plaintiff,<br><br>v.<br><br>GREG THORPE, et al.<br><br>Defendants. | Civil Action No. 12-7156 (ES) (JAD)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff Dr. Joseph Piacentile's motion to remand, (D.E. No. 11), and Defendant Greg Thorpe's objections to United States Magistrate Judge Steven C. Mannion's Report and Recommendation to remand the case to New Jersey state court, (D.E. No. 40). Having considered the parties' submissions, the Court ADOPTS Judge Mannion's Report and Recommendation and GRANTS Plaintiff Dr. Joseph Piacentile's motion to remand, (D.E. No. 11).

I.  **FACTS & PROCEDURAL BACKGROUND**

On October 12, 2012, Piacentile filed the instant breach of contract action in the Superior Court of New Jersey, Law Division, Bergen County against Matthew Burke, Greg Thorpe, Blair Hamrick, and Thomas Gerahty (collectively "Defendants"). (D.E. No. 1-1, Ex. A, Complaint ("Compl.") at 1). According to the Complaint, Piacentile and Burke are New Jersey residents, Thorpe is a Florida resident, Hamrick is an Arkansas resident, and Gerahty is a Maryland resident. (*Id.* ¶¶ 1–5).

1

In his Complaint, Piacentile alleged that Defendants failed to comply with the terms of an agreement to share the proceeds recovered from a False Claims Act matter under 31 U.S.C. § 3729. (*Id.* ¶¶ 7–10, 61–63). Soon after filing the Complaint, Piacentile settled with Hamrick, Gerathy, and Burke; Thorpe did not agree to settle. (D.E. No. 11-1, Plaintiff's Brief in Support of Motion to Remand ("Pl. Mov. Br.") at 6). Accordingly, Piacentile dismissed the claims against Hamrick, Gerahty, and Burke without prejudice. (*Id.*).

After Hamrick, Gerahty, and Burke were dismissed, Thorpe removed the case to United States District Court for the District of New Jersey based upon diversity of citizenship under 28 U.S.C. § 1332. (D.E. No. 1, Defendant's Notice of Removal ¶¶ 5–8). According to Thorpe, there is diversity of citizenship amongst the remaining parties because Piacentile is a New Jersey resident and Thorpe is an Arkansas resident. (*See id.* at ¶¶ 5–7).

Following Thorpe's removal, Piacentile filed a motion to remand. (D.E. No. 11). Piacentile contended that Thorpe failed to establish complete diversity at both the commencement of the action and at the time of removal, which is necessary to remove a case to federal court. (Pl. Mov. Br. at 9). In particular, Piacentile asserted that, at the commencement of the action, the case lacked complete diversity because Piacentile sued another New Jersey resident. (*Id.* at 11). Furthermore, Piacentile contended that diversity did not exist at the time of removal because Piacentile's dismissal of Burke was without prejudice, and Burke remained jointly and severally liable for the remaining claims against Thorpe. (*Id.* at 12-13). According to Piacentile, Burke remained a party for the purposes of diversity. (*Id.* at 13-14).

In opposition, Thorpe contended that Piacentile's voluntary dismissal of the only non-diverse defendant created diversity jurisdiction under 28 U.S.C. § 1332. (D.E. No. 19, Defendant's Brief Opposing Plaintiff's Motion to Remand ("Def. Opp. Br.") at 4). In particular, Thorpe cited

the voluntary dismissal exception to the requirement that defendants must establish diversity at the time-of-filing and time-of-removal. (*Id.*). According to Thorpe, Piacentile voluntarily dismissed the only non-diverse defendant, thus warranting removal under the voluntary dismissal exception. (*Id.* at 5).

On August 30, 2013, Judge Mannion issued a Report and Recommendation recommending that the Court grant Piacentile's motion to remand (the "R&R"). (D.E. No. 26, Report and Recommendation ("R&R") at 18). Based upon a thorough review of the case law and the parties' arguments, Judge Mannion found that the voluntary dismissal exception did not apply. (R&R at 16). Notably, Judge Mannion reasoned that Piacentile's dismissal of Burke without prejudice contemplated the possibility of reinstating Burke under a theory of joint and several liability should Piacentile fail to recover the outstanding amount in controversy from Thorpe. (*Id.* at 14-15). Thus, Judge Mannion concluded that Piacentile did not unequivocally abandon his claims against Burke, and the dismissal was not voluntary within the meaning of the voluntary dismissal exception. (*Id.* at 15-16).

Due to a clerical error, Defendant Thorpe was unable to timely file objections to the R&R. (*See* D.E. No. 30, Defendant's Motion to Reopen Case). Given the error, the Court granted Thorpe's request to file objections out-of-time. (D.E. No. 39). Thorpe filed his objections, (D.E. No. 40); Piacentile responded, (D.E. No. 44).

Following review of the parties' positions, the Court requested that Piacentile produce the settlement agreement between Piacentile and Hamrick, Gerathy, and Burke (the "Settlement Agreement") for an *in camera* review. (D.E. No. 45, Letter Order).

## II.     LEGAL STANDARD

A district judge may assign a magistrate judge to determine pretrial matters before the court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72. Any party may file written objections to the magistrate judge's recommendation. *Id.* The Court shall resolve any objections to the magistrate judge's recommendation based upon a de novo review. *Id.*

## III.    DISCUSSION

Pursuant to 28 U.S.C. § 1441(b), a defendant may remove a case from state court to federal court based on diversity jurisdiction. However, the defendant must establish that there is diversity at the time the complaint was filed and at the time of removal. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *Fry Metals Inc. v. Cheng*, No. 94-5206, 1995 WL 138945, at *3 (D.N.J. Mar. 28, 1995).

There is, however, an exception to this requirement, which was first articulated by the Supreme Court in *Powers v. Chesapeake & Ohio Ry. Co.*, 169 U.S. 92, 101-02 (1898). In *Powers*, the Supreme Court allowed the defendant to remove the case to federal court where the plaintiff discontinued his action against non-diverse defendants. *Id.* at 102. Although the case was not removable at the outset, the case became removable based upon the diverse citizenship of the remaining parties. *Id.*

The voluntary dismissal exception, also known as the voluntary-involuntary rule, distinguishes between voluntary acts and involuntary acts that lead to diversity. "A voluntary act constitutes the plaintiff's desire not to pursue the case against a non-diverse party, demonstrated by voluntarily amending the pleadings." *Hoffman v. Metro. Ins. & Annuity Co.*, No. 12-2303, 2012 WL 3185953, at *3 (D.N.J. Aug. 2, 2012) (citing *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988)). Removal is appropriate when the plaintiff engages in a

4

voluntary act, such as the voluntary dismissal of the non-diverse defendant. *Rubino v. Genuardi's Inc.*, No. 10-6078, 2011 WL 344081, at *5 (E.D. Pa. Jan. 31, 2011) (citing *Great N. Ry. Co.*, 246 U.S. at 281). On the other hand, removal is inappropriate when the non-diverse defendant is dismissed against the plaintiff's will. *Id.* (citing *Higgins*, 863 F.2d at 1166). Defendants should not guess as to when a case becomes removable. Rather, defendants should wait until the plaintiff "by some clear and definite action, unequivocally expresses an intention not to proceed" against the non-diverse defendant. *Schmidt v. Capitol Life Ins. Co.*, 626 F. Supp. 1315, 1319 (N.D. Cal. 1986).

> The voluntary dismissal exception serves two purposes:
>
> First, it contributes to judicial economy, because after an involuntary removal, the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court. Second, it recognizes the general principle of deference to the plaintiff's choice of forum. Allowing removal only when the plaintiff voluntarily dismisses a defendant ensures that the plaintiff will not be inappropriately forced out of state court without his consent.

*Lee v. Carter-Reed Co.*, No. 06-1173, 2006 WL 3511160, at *3 (D.N.J. Dec. 5, 2006) (internal citations omitted).

In his objections to the R&R, Thorpe argues that Judge Mannion incorrectly applied the voluntary dismissal exception. (D.E. No. 40, Defendant's Objections to Report and Recommendation ("Def. Obj.") at 5). In particular, Thorpe contends that it was incorrect for Judge Mannion to conclude that a dismissal without prejudice means Burke is still a party in the case for diversity purposes. (*Id.* at 7). According to Thorpe, voluntary dismissals are almost always without prejudice, and requiring that dismissals be with prejudice would eviscerate the voluntary dismissal exception. (*Id.* at 7–8).

In response, Piacentile argues that Judge Mannion correctly concluded that the exception did not establish diversity jurisdiction. (D.E. No. 44, Plaintiff's Response to Defendant's

5

Objections at 4). According to Piacentile, because he could reinstate the three dismissed defendants based on joint and several liability, he did not unequivocally abandon his claims against Burke, which means that the voluntary dismissal exception does not apply. (*See id.* at 4–5).

The Court agrees with Judge Mannion that Piacentile has not fully abandoned his claims against Burke and that the voluntary dismissal exception does not apply. The clear language of the settlement agreement indicates that Piacentile may reinstate litigation against Burke to recover any remaining amount due under the contract that is not fully recovered from Thorpe. Piacentile has not unequivocally expressed or asserted a desire to abandon his claims against Burke. Rather, Piacentile has unambiguously stated that he may reinstate litigation against Burke for a limited purpose. If Piacentile were to reinstate litigation against Burke in this action, there would no longer be complete diversity and the Court would lack subject matter jurisdiction. Without subject matter jurisdiction, the Court would be compelled to remand the case.

Therefore, the Court concludes that the voluntary dismissal exception does not apply. As such, Thorpe is required to show that the case was removalable at both the time-of-filing and the time-of-removal. However, it is clear that there was not complete diversity at the time Piacentile filed the Complaint. Accordingly, Thorpe has failed to establish a basis for removal.

## IV.   CONCLUSION

For the reasons discussed above, the Court ADOPTS Judge Mannion's Report and Recommendation and GRANTS Piacentile's motion to remand. An appropriate Order shall accompany this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**