<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DR. JOSEPH PIACENTILE** | |
| **Plaintiff,** | **Civil Action No. 12-7156 (ES)** |
| **v.** | **OPINION** |
| **GREG THORPE, et al.** | |
| **Defendant.** | |

SALAS, DISTRICT JUDGE

Pending before the Court is Defendant Greg Thorpe's motion to amend and certify the Court's November 5, 2015 Remand Order for interlocutory appeal pursuant to 28 U.S.C § 1292(b). (D.E. No. 49). The Court has considered the parties' submissions and decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the foregoing reasons, the Court denies Defendant's motion.

## I.    FACTS & PROCEDURAL BACKGROUND

On October 12, 2012, Plaintiff Dr. Joseph Piacentile filed the instant breach of contract action in the Superior Court of New Jersey against Greg Thorpe, Blair Hamrick, Thomas Gerahty, and Matthew Burke. (D.E. No. 1-1, Complaint ("Compl.") at 1). According to the Complaint, Piacentile and Burke are New Jersey residents, Thorpe is a Florida resident, Hamrick is an Arkansas resident, and Gerahty is a Maryland resident. (*Id.* ¶¶ 1–5).

In his Complaint, Piacentile alleged that Defendants failed to comply with the terms of an agreement to share the damages recovered from suits filed under the False Claims Act, 31 U.S.C.

1

§ 3729.  (*Id.* ¶¶ 7–10, 61–63).  Soon after filing the Complaint, Piacentile settled with Hamrick, Gerahty, and Burke; Thorpe did not agree to settle.  (D.E. No. 11, Plaintiff's Brief in Support of Motion for Remand at 6).  On November 8, 2012, Piacentile filed a notice of voluntary dismissal against Hamrick, Gerahty, and Burke without prejudice as to Plaintiff's breach of contract claims. (*Id.*).  Despite that dismissal, Piacentile averred that all four Defendants remain jointly and severally liable for the contract that is the subject of the instant dispute.  (*Id.*).  As such, Piacentile must be "able to bring the three other [Defendants] back into the case in the event that his efforts to collect from Defendant Thorpe were unsuccessful."  (*Id.*).

After the dismissal of Hamrick, Gerahty, and Burke, Thorpe removed the case to the United States District Court for the District of New Jersey based upon diversity of citizenship under 28 U.S.C. § 1332.  (D.E. No. 1, Defendant's Notice of Removal ¶¶ 5–8).  According to Thorpe, there was diversity of citizen because Piacentile is a New Jersey resident and Thorpe is an Arkansas resident.  (*See id.* at ¶¶ 5–7).

Following Thorpe's removal, Piacentile filed a motion to remand.  (D.E. No. 11).  On August 30, 2013, Magistrate Judge Steven Mannion issued a Report and Recommendation to remand the case to state court (the "R&R").  (D.E. No. 26, Report and Recommendation ("R&R") at 18).  On November 5, 2015, the Court issued an Order adopting the R&R.  (D.E. No. 47, Remand Order).  Accompanying the Order was an Opinion detailing the Court's reasoning.  (D.E. No 46, Opinion).

On November 12, 2015, Defendant Thorpe filed the instant motion to certify the Remand Order for interlocutory appeal and submitted a brief in support.  (D.E. No. 49-1, Defendant's Memorandum of Law in Support of his Motion ("Def. Mov. Br.")).  On December 7, 2015, Plaintiff filed a brief in opposition.  (D.E. No. 51, Plaintiff's Memorandum of Law in Opposition

to Defendant Thorpe's Motion to Amend and Certify Order for Interlocutory Review ("Pl. Opp. Br.")).  As of this date Defendant has not filed a brief in reply.  Accordingly, the matter is now ripe for resolution.

## II.   LEGAL STANDARDS

### A.   28 U.S.C. § 1292(b)

A motion to certify a district court order for interlocutory appeal is governed by 28 U.S.C. § 1292(b).  The statute "imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate. The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'"  *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (quoting 28 U.S.C. § 1292(b)).  "The burden is on the movant to demonstrate that all three requirements are met."  *Litgo N.J., Inc. v. Martin*, No. 06-2891, 2011 WL 1134676, at *2 (D.N.J. Mar. 25, 2011) (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004)).

Certification under § 1292(b) "should only rarely be allowed as it deviates from the strong policy against piecemeal litigation."  *Huber v. Howmedica Osteonics Corp.*, No. 07-2400, 2009 WL 2998160, at *1 (D.N.J. Mar. 10, 2009).  Accordingly, "even if all three criteria under Section 1292(b) are met, the district court may still deny certification, as the decision is entirely within the district court's discretion."  *Morgan v. Ford Motor Co.*, No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007).

### B.   28 U.S.C. § 1447(d)

Regarding the appeal of a district court's decision to remand, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  28 U.S.C.

3

§ 1447(d).  Specifically, "section 1447(d) bars review of remand orders based upon the types of subject matter jurisdictional issues which district courts routinely make under section 1447(c)." *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 126 (3d Cir. 1998).  Section 1447(c) generally provides for remand on the basis of either a procedural defect or lack of jurisdiction.  *Id.* Thus, determination of whether section 1447(d) bars appeal of a remand order turns on whether the decision to remand was a "routine jurisdictional determination."  *Id.* at 127.

Section 1447(d) prohibits review of routine remand orders "whether erroneous or not and whether review is sought by appeal or by extraordinary writ."  *Id.*  Indeed, the Supreme Court held in *Osborn v. Haley* that appellate review of a remand order based even on a district court's erroneous construction of a jurisdictional statute is available "[o]nly in the extraordinary case." 549 U.S. 225, 244 (2007).

The Third Circuit has recognized at least one exception to the general prohibition against appealing a remand order where that order raises "an unsettled question of constitutional proportion."  *In re TMI Litig. Cases Consol. II*, 940 F.2d 832, 848 (3d Cir. 1991) ("*In re TMI*"). Such appeals are permitted because "constitutional determinations could not have been intended by Congress to fall within the category of routine subject matter jurisdiction determinations contemplated by section 1447(c) and, consequently, are not immune from review under section 1447(d)."  *Id.*  For example, where a district court's decision to remand rests upon the conclusion that an act of Congress violates constitutional principles of due process and equal protections, the court may properly certify its remand order to address those constitutional questions on appeal. *See id.*

### III.   DISCUSSION

Defendant's motion for interlocutory appeal of the Remand Order asks the Court to certify the following question: "whether in order to demonstrate diversity jurisdiction based upon the voluntary dismissal of the only non-diverse defendant by the plaintiff, a defendant also is required under federal law to establish that the voluntary dismissal of the non-diverse defendant is with prejudice." (Def. Mov. Br. at 2).

As a threshold matter, Defendant argues that 28 U.S.C. § 1447(d) should not bar his interlocutory appeal because, pursuant to the Third Circuit's holding in *In re TMI*, "§ 1447(d) does not bar appellate consideration of a § 1292(b) certified question for appeal." (Def. Mov. Br. at 6). Plaintiff responds that *In re TMI*'s exception to § 1447(d) is far more limited Defendant suggests. Rather, Plaintiff argues, the exception does not apply here because the Remand Order does not involve "an unsettled question of constitutional proportion." (Pl. Opp. Br. at 3 (citing *In re TMI* at 849)). The Court agrees with Plaintiff that the *In re TMI* exception does not apply, and that interlocutory appeal of the Remand Order is thus barred by 28 U.S.C. § 1447(d).[1]

In its November 5, 2015 Opinion, the Court determined that remand was warranted because diversity jurisdiction was lacking, despite Plaintiff's voluntary dismissal of defendants Hamrick, Gerahty, and Burke. (Opinion at 6). In support, the Court noted that Plaintiff "unambiguously stated that he may reinstate litigation" against one of the non-diverse defendants at a later date.

---

[1] Defendant cites to *Manning v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* in further support of his position that §1447(d) should not bar his interlocutory appeal of the Remand Order. No. 12-4466, 2013 WL 2285955, at *3 (D.N.J. May 23, 2013); (Def. Mov. Br. at 6). However, *Manning* is distinguishable from the case at bar. In *Manning*, the district court certified an appeal of its order denying remand. Because *Manning* thus did not deal with "an order remanding a case to state court," § 1447(d)'s prohibition did not apply. *See* 28 U.S.C. § 1447(d). By contrast, Defendant requests an interlocutory appeal of this Court's order *granting* remand, placing it squarely under the auspices of § 1447(d). *See id.* Accordingly, Defendant's citation to *Manning* is of no avail.

(*Id.*).   Significantly, neither the parties' briefing nor the Court's Opinion questioned the constitutionality of 28 U.S.C. § 1332 itself.  *See In re TMI* at 840-41 (contrasting district court's determination that jurisdictional requirements of statute were met with its determination that the statute itself was unconstitutional).   The question that Defendant seeks to certify for appeal similarly addresses the Court's determination that diversity was not met, rather than a determination that the diversity statute itself was unconstitutional.  Because of this, the Court finds that its November 5, 2015 Opinion does not raise a "question of constitutional proportion" such that an appeal of the Remand Order would be warranted under *In re TMI*'s exception to § 1447(d). *See id.* at 848.   Rather, the Court's determination that it lacked subject matter jurisdiction was a "routine" determination made pursuant to 28 U.S.C. § 1447(c), and is thus non-appealable "whether erroneous or not."  *See Feidt*, 153 F.3d at 126.

Accordingly, the Court concludes that Defendant's motion for interlocutory appeal of the Court's November 5, 2015 Remand Order is barred by 28 U.S.C. § 1447(d).[2]

## IV.    CONCLUSION

For the forgoing reasons, the Court denies Defendant's motion to amend and certify the Court's November 5, 2015 Remand Order for interlocutory appeal pursuant to 28 U.S.C § 1292(b). (D.E. No 49).  An appropriate Order accompanies this Opinion.

*/s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] Because the Court finds that 28 U.S.C. § 1447(d) bars Defendant's appeal of the Remand Order, the Court need not address whether the three additional requirements for an interlocutory appeal under 28 U.S.C. § 1292(b) are met.

6